IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ALAN GRAVETT, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 07 C 482 ) |
| McKESSON CORPORATION, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Despite its age (as the case number indicates, it was filed in January 2007), this qui tam action under the Federal False Claims Act ("Act," 31 U.S.C. §§3729-3733) did not become active until October 2010 when the United States elected not to intervene and to proceed with the action (see 31 U.S.C. §3730(b)). Under the Act that enabled relator Alan Gravett ("Gravett") to proceed in lieu of the government. Now counsel for Gravett has moved to withdraw from the case without objection from Dr. Gravett, and this Court granted that motion upon its presentment at yesterday's motion call.

During the course of the proceeding on the motion, this Court raised the question whether a nonlawyer relator such as Gravett could maintain the action pro se. In that respect this Court explained that it would seem anomalous for Gravett to act essentially as proxy for the United States--after all, a nonlawyer cannot represent anyone else in any other situation. But having posed that question for future consideration, at the

conclusion of the hearing this Court simply continued the case to an August 26, 2011 status hearing date to address its contemplated future.

At the time of the motion hearing, this Court had not had the opportunity to engage in any research on the issue whether Dr. Gravett could go it alone if he so chose. But brief subsequent research has quickly turned up the opinion in <u>United States ex rel. Lu v. Ou</u>, 368 F.3d 773 (7th Cir. 2004), which held squarely "that a pro se relator cannot prosecute a qui tam action, because he is acting as an attorney for the government" (<u>id</u>. at 775). Accordingly Gravett must obtain new counsel in time to attend the next status hearing on his behalf as relator, failing which this action will be dismissed (as was done in <u>Lu</u>, although that case had some added factors that made a threshold dismissal appropriate).

_____
Milton I. Shadur
Senior United States District Judge

Date: July 14, 2011